UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CLARK LEO PELLEGRINI,                              Case No.  09-90464
                                                   Chapter 7

         Debtor.
_____/


## OPINION REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION UNDER 11 U.S.C. § 522(d)(12)

Appearances:

Stephen B. Grow, Esq., Grand Rapids, Michigan, attorney for Darrell R. Dettmann, Chapter 7 Trustee.

David E. Bulson, Esq., Sault Ste. Marie, Michigan, attorney for Clark Leo Pellegrini, Debtor.


### I.  INTRODUCTION.

Darrel R. Dettman ("Trustee") objects to Clark Leo Pellegini's ("Debtor") claim of exemption. The matter is before the court on the Trustee's motion for summary judgment. The issue presented is whether the Debtor may claim an exemption in a $302,663.78 judgment entered by the Circuit Court for the County of Pinellas County, Florida pursuant to 11 U.S.C. § 522(d)(12).[1]

### II.  JURISDICTION.

This court has jurisdiction over this chapter 7 bankruptcy case. 28 U.S.C. §§ 1334. All proceedings and contested matters have been referred by the district court to this

_____

[1] The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive. The specific provisions of the Bankruptcy Code are referred to herein as "§ ___."

bankruptcy court for determination. Local Rule 83.2(a) (W.D. Mich.). This contested matter is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of exemptions).

## III. FACTS AND PROCEDURAL HISTORY.[2]

For some period of time prior to 1997, the Debtor held funds in an individual retirement account ("IRA") at First of America Bank in Lansing, Michigan. In January 1997, the Debtor transferred $100,000 of his funds held in that account to the Tierra Verde Investment Group ("Tierra Verde") in Florida. In April 1997, the Debtor transferred an additional $50,000 to Tierra Verde.

Unfortunately, Tierra Verde was engaged in a deceptive scheme, and its principals defrauded the Debtor, and others. In 1999, the Debtor and other defrauded investors sued the principals of Tierra Verde in the Circuit Court for the County of Pinellas County, Florida. In 2004, the Debtor settled with one of the defendant principals for $40,000. In 2006, the Debtor filed a motion for summary judgment in the Florida court and ultimately obtained a favorable judgment on October 5, 2006, against the remaining defendants in the amount of $302,663.78 ("Judgment").

On April 7, 2009, the Debtor assigned the Judgment to Information USA, Inc. for collection purposes. Pursuant to this assignment, the Debtor is entitled to 50% of any recovery Information USA obtains after reimbursement of its collection expenses. Information USA's efforts have since resulted in settlement with another defendant principal of Tierra Verde for $15,000, of which the Debtor received $6,000.

---

[2] For the purposes of this opinion, and based upon the summary judgment record, the facts summarized are undisputed.

2

On June 25, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Debtor failed to disclose the Judgment or the assignment to Information USA in his schedules or statement of financial affairs. The Debtor was granted a chapter 7 discharge on October 26, 2009. A final decree was entered on November 25, 2009.

Following the closing of the Debtor's case, the Trustee learned of the Judgment. On October 5, 2010, the Trustee filed a motion seeking to reopen the Debtor's bankruptcy case to administer the Judgment for the benefit of the estate. § 350(b); FED. R. BANKR. P. 5010. On October 18, 2010, this court reopened the Debtor's bankruptcy case.

On October 21, 2010, the United States Trustee ("UST") filed an adversary proceeding to revoke the Debtor's discharge. The adversary proceeding is pending. (Adv. Proc. No. 10-99011, Dkt. No. 1).[3] On November 10, 2010, the Debtor filed amended Schedules B and C listing the Judgment and claiming an exemption under § 522(d)(12) as follows:

> Self-Directed IRA Rollover. In 1977 (sic) the money to this fund came from my First of American Bank IRA and was transferred in 3 waves to my self-directed IRA in Florida and lost to con artists who I then sued in 1999, on behalf of my IRA, in the 6th Circuit Court for the Pinellas County, Florida. . . . I, on behalf of my self-directed IRA, received a judgment for $302,663.78 on October 5, 2006. It is my belief that this judgment is uncollectible and has no value.

(Dkt. No. 39). The Trustee timely filed an objection to the Debtor's amended objection. On October 22, 2011, the Trustee moved for summary judgment with respect to the

---

[3] A trial in Adversary Proceeding No. 10-99011 is currently scheduled in Marquette, Michigan for April 17, 2012. The issue of the Debtor's nondisclosure is a separate issue which is not addressed in this opinion.

Debtor's claimed exemption. The Debtor opposed the Trustee's motion for summary judgment. A hearing was held by video conferencing in Grand Rapids, Michigan on December 20, 2011.

## IV. DISCUSSION.

### A. Summary Judgment Standard.

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7056, which incorporates Federal Rule of Civil Procedure 56, made applicable to this contested matter by Bankruptcy Rule 9014(c), states that a court shall enter summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1996). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (citation omitted).

### B. The Exemption Claimed - - 11 U.S.C. § 522(d)(12).

A debtor's bankruptcy estate is defined broadly to include all legal and equitable interests of the debtor in property. § 541(a)(1). The Bankruptcy Code permits a debtor to exempt certain property from the estate. § 522. A state may chose to opt-out of the federal bankruptcy exemptions. See § 522(b). Michigan has not opted out of the federal exemptions and permits election of the federal exemptions in § 522(d).

4

A debtor may exempt from property of the estate "[r]etirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." § 522(d)(12). "Accordingly, section 522(d)(12) imposes two requirements before a debtor may claim an exemption under that section: (1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein." Doeling v. Nessa (In re Nessa), 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010) (inherited IRA exempt because contents of deceased's account remained retirement funds and were exempt from taxation); In re Stephenson, 2011 WL 6152950 (E.D. Mich. Dec. 12, 2011) (same).

As of the filing date in this case, the Judgment in which the Debtor claims an exemption was not in a qualified tax exempt account. Exemptions are determined on the bankruptcy filing date. White v. Stump, 266 U.S. 310, 45 S. Ct. 103 (1924), accord, In re O'Brien, 443 B.R. 117, 130 (Bankr. W.D. Mich. 2011); Lasich v. Wickstrom (In re Wickstrom), 113 B.R. 339, 343 (Bankr. W.D. Mich. 1990). In White, addressing a homestead exemption under Idaho law, the Court stated:

> When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed.

266 U.S. at 313, 45 S. Ct. 103. While White v. Stump was decided under the Bankruptcy Act, the principle it established, that a debtor's exemptions are determined as of the filing

date, remains true under the Bankruptcy Code. In re Wengerd, 453 B.R. 243, 250 (B.A.P. 6th Cir. 2011); O'Brien, 443 B.R. at 130. See also, Owen v. Owen, 500 U.S. 305, 314 n. 6, 111 S. Ct. 1833, 1838 n. 6 (1991) (exempt property is determined "on the date of the filing of the petition"); Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 937 (8th Cir. 1990) ("[W]e hold today that only the facts existing on the date of filing are relevant to determining whether a debtor qualifies for a claimed exemption."); Klein v. Chappell (In re Chappell), 373 B.R. 73, 77 (B.A.P. 9th Cir. 2007) ("critical date for determining exemption rights is the petition date;" "exemptions . . . are determined on the date of bankruptcy and without reference to subsequent changes in the character or value of the exempt property"), aff'd sub nom. Gebhart v. Gaughan (In re Gebhart), 621 F.3d 1206 (9th Cir. 2010).

Furthermore, contrary to the Debtor's argument, any intention of the Debtor to transfer the Judgment itself or money that may be collected from the Judgment into a qualified tax exempt account is irrelevant. See, Wengerd, 453 B.R. at 249-251 (right to homestead exemption determined as of date of bankruptcy; debtor's intention to sell home postpetition is irrelevant). The Debtor also asserts an equitable argument that the exemption should be permitted because the funds should be viewed as being held in "some sort of constructive trust" until they are recovered, and that the Internal Revenue Service may permit him, upon recovery, to make a "restorative payment" to his original IRA. Because of the explicit language of § 522(d)(12), this equitable argument is rejected. The funds must be *in* a qualified tax exempt account. The language of § 522(d)(12) is unequivocal. Where the statute's language is clear, "'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enter., Inc., 489 U.S. 235, 241,

6

109 S. Ct. 1026, 1030 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S. Ct. 192 (1917)).  The court may only look beyond the text of the statute when the language is ambiguous or when, "a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress."  Vergos v. Gregg's Enter., Inc., 159 F.3d 989, 990 (6th Cir. 1998).  "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149 (1992).  "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"  Id. at 254 (quoting Rubin v. United States, 449 U.S. 424, 430, 101 S. Ct. 698 (1981)).

Section 522(d)(12) is direct and unambiguous.  The statute does not produce an absurd result.  A debtor may exempt from property of the estate "[r]etirement funds to the extent those funds are *in* a fund or account that is exempt from taxation[.]"  § 522(d)(12) (emphasis added).

Assuming arguendo that a judgment can constitute a "fund," it is not exempt from taxation.  Further, § 522(d)(12) does not permit an exemption on "traceable" funds or the Debtor's "right to receive" funds.  Compare, § 522(d)(10) and (11).  It is a "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect."  United States v. Nordic Village, Inc., 503 U.S. 30, 36, 112 S. Ct. 1011 (1992).  To permit the Debtor's equitable arguments would be to violate this rule of statutory construction by failing to give "significance and effect . . . to every word."  Rake v. Wade, 508 U.S. 464, 471, 113 S. Ct. 2187 (1993).

7

## VI. CONCLUSION.

For the foregoing reasons, the Debtor is not permitted to exempt the Judgment or the right to receive funds collected on the Judgment. The Judgment is not an IRA and it falls outside the parameters of § 522(d)(12). Therefore, the Trustee's motion for summary judgment is GRANTED. A separate order shall be entered accordingly.

Dated this __17__ day of January, 2012
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

8